## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

SHARON L BLANCHARD                   CASE NO.  6:19-CV-00856

VERSUS                               JUDGE ROBERT R.
                                     SUMMERHAYS

CIRCLE K STORES INC                  MAGISTRATE JUDGE HANNA

### MEMORANDUM RULING

Before the Court is Plaintiff's Motion for Protective Order regarding Defendant's Records Deposition of Plaintiff's Testifying Expert, Jason English, P.E. ("English") (Rec. Doc. 34). Defendants opposed the Motion (Rec. Doc. 36). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the Motion is GRANTED in part and DENIED in part.

### Factual Background

Plaintiff filed this suit in state court following a slip and fall accident a Circle K store. (Rec. Doc. 1-1). In July 2019, Defendants removed the case to this Court on the grounds of diversity. (Rec. Doc. 1).

On November 9, 2020, Defendants served a Notice of Records Only Deposition on English Engineering, Inc./Jason T. English, M.S. CSP, P.E., with a response due by December 1, 2020, seeking English's report, a copy of his entire

file related to Plaintiff, and other documents regarding his work with Plaintiff and/or Plaintiff's counsel. (Rec. Doc. 34-2). Plaintiff filed the Motion for Protective Order at issue, arguing that the records deposition is premature and overly broad. The Court relieved English of the obligation to respond to the Notice until further order from the Court. (Rec. Doc. 35).

## **Applicable Law**

F.R.C.P. Rule 26(a)(2) governs disclosure of expert materials:

(A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

**(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
**(ii)** the facts or data considered by the witness in forming them;
**(iii)** any exhibits that will be used to summarize or support them;
**(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
**(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
**(vi)** a statement of the compensation to be paid for the study and testimony in the case.
**(C)** *Witnesses Who Do Not Provide a Written Report*. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

**(i)** the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
**(ii)** a summary of the facts and opinions to which the witness is expected to testify.

Expert disclosures must be made "at the times and in the sequence that the court orders." F.R.C.P. Rule 26(a)(2)(D).  F.R.C.P. 45 also applies to discovery requests directed to third parties, including expert witnesses.  Although, under Rule 45, a party generally lacks standing to challenge a discovery subpoena directed to third parties, any party may object to a discovery request when the party shows "its own interest is jeopardized" by the subject discovery.  9A Charles Alan Wright & Arthur A. Miller, *Federal Practice and Procedure* § 2305 (3d ed); *Garcia v. Prof'l. Contract Services, Inc.*, 2017 WL 187577 (W.D. Tex. Jan. 17, 2017); *Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214 (M.D. La. 2016).

The movant seeking a protective order from the court under F.R.C.P. 26, as here, must demonstrate that "good cause" for the relief exists.  F.R.C.P. 26(c)(1). Good cause is shown when the movant fulfills the requisite burden to show "'the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'"  *Bounds*, 314 F.R.D. at 218 quoting *In re Terra Int'l., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998), quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978).  As

dictated by Rule 26, the movant must show that the relief is necessary to prevent "annoyance, embarrassment, oppression, or undue burden and expense."

### Analysis

The Court's Scheduling Order establishes "case-specific deadlines [] set in accordance with Fed. R. Civ. P. 16(b)." (Rec. Doc. 33). The deadline for disclosure of Plaintiff's expert information/reports is August 24, 2021. (*Id.*). Plaintiff contends that Defendants' notice of records deposition, which seeks disclosure of Plaintiff's expert's report materials, is premature because it seeks responsive documents months before the deadline. Defendants counter that the scheduling order cannot be interpreted to allow expert disclosure only on the date of the deadline and no sooner. Neither party cites any jurisprudence in support of their position.

The Court interprets the scheduling order as an order establishing pre-trial deadlines. Black's Law Dictionary defines "deadline" as "a cutoff date for taking some action." Black's Law Dictionary (11th ed. 2019). This implies that the deadline is the *last*, but not necessarily the *only*, day for taking action. Indeed, as Defendants point out, to interpret otherwise would be to set a single date on which all discovery must be completed and all motions must be filed. The Court has never condemned early compliance with deadlines.

A district court has significant discretion in determining whether to grant a protective order. *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).  If

the court denies a motion for protective order, it may simultaneously order that the movant or other appropriate party provide or permit discovery.  F.R.C.P 26(c).

Plaintiff as movant in this matter fails to show that the production of English's expert report and all discoverable supporting documentation would subject her to "annoyance, embarrassment, oppression, or undue burden and expense" such as is prohibited by F.R.C.P. 26.  In fact, Plaintiff fails to allege the threat of these harms, arguing instead that she should be permitted to withhold the report and attendant materials until the deadline set forth in the Court's scheduling order on the basis of principle. Absent specific factual allegations demonstrating Defendant's discovery request would result in a violation of F.R.C.P. 26, the Court declines to stifle discovery that is otherwise readily producible and would, in our view, lead to increased annoyance, cost and decreased efficiency if withheld arbitrarily. Moreover, the Court notes that, to the extent Plaintiff's counsel is relying upon portions of the report and associated materials in depositions now underway, such practice further diminishes any claim of undue hardship, inconvenience or prejudice under the applicable rule.  Finally, the Court is satisfied with the response of Defendant clarifying that it does not seek materials excluded from discovery under F.R.C.P. 26(a)(2)(B) as it evidences an understanding that the "entire file" is an overly-broad request and refines the request to discoverable items only.

5

## **Conclusion**

For the reasons discussed herein, the Motion is DENIED in part as to the expert report of Jason English and all related materials allowed under F.R.C.P. 26 and GRANTED in part as to any privileged materials excluded from discovery under the same rule.

THUS DONE in Chambers, Lafayette, Louisiana on this 13th day of January, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE