UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**SHARON L BLANCHARD**  CASE NO. 6:19-CV-00856

**VERSUS**  JUDGE ROBERT R. SUMMERHAYS

**CIRCLE K STORES INC**  MAGISTRATE JUDGE PATRICK J. HANNA

### **MEMORANDUM RULING**

Now before this Court is Plaintiff's second motion to amend the complaint in this personal injury suit. (Rec. Doc. 46). Defendants oppose the proposed amendment. (Rec. Doc. 50). For the reasons explained below, Plaintiff's motion will be DENIED.

### *Background*

Sharon L. Blanchard, Plaintiff herein ("Blanchard" or "Plaintiff"), filed the instant suit on May 17, 2019 in the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana. (Rec. Doc. 1-1). Plaintiff's suit named as defendants Circle K Stores, Inc. ("Circle K"), Leah Broussard ("Broussard"), and Doug Singer ("Singer"). (*Id.*). Blanchard was wearing a pair of disposable foam pedicure slippers when she entered the Circle K store located at 1420 Fortune Road in Youngsville, Louisiana on September 3, 2018. (*Id.* at ¶ 1; Rec. Doc. 50-3 Deposition of Blanchard at 13:2-24). Plaintiff claims that she slipped and fell just inside the entrance of the

1

Circle K store, striking her head and tailbone, resulting in traumatic brain injury, post-traumatic headaches, multi-level lumbar disc injuries requiring surgical treatment, and psychological/emotional injuries requiring continual treatment. (Rec. Doc. 46-1 at p. 1). Plaintiff alleges that her fall was caused by accumulated water on the floor near the entrance of the store. (*Id.*).

Circle K removed the suit to the Western District of Louisiana on the basis of federal subject matter jurisdiction citing 28 U.S.C. §§ 1332, 1441 and 1446. Circle K asserted that Singer and Broussard were fraudulently joined in order to defeat diversity under § 1332(a), which would exist, but for Singer and Broussard's inclusion in the suit. Broussard was dismissed as a defendant in April of 2020 pursuant to LR 41.3. (Rec. Doc. 10). Singer remained a defendant to the suit until Plaintiff amended her Complaint, stating claims only against Circle K in February of 2021. (Rec. Doc. 49).

Plaintiff's instant motion alleges that, at the December 1, 2020 deposition of Corey Crochet ("Crochet"), Plaintiff became aware of information forming the basis of her claims against both Crochet and Alexander. (Rec. Doc. 46 at pp. 2-3). Specifically, Plaintiff avers that Crochet's testimony detailed Circle K policy of not using mats or rugs at entrance areas and of his own personal experience of concern for the slippery condition of the floor at the store entrance, as well as Crochet's

knowledge of the accumulated water at the entrance. (*Id.*). Plaintiff's motion to amend was filed on February 12, 2021. (Rec. Doc. 46).

### *Applicable Standard*

The amendment of pleadings is generally governed by Fed. R. Civ. P. 15(a), which provides, in part, that leave is to be "freely given when justice so requires." District courts are given broad discretion to scrutinize proposed post-removal amendments, termed "permissive joinder[,]" when such an amendment would serve to deprive the court of jurisdiction. 28 U.S.C. § 1447(e). Analysis of proposed amendments under § 1447(e) is conducted according to the criteria explained by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). The *Hensgens* Court set out four (4) factors district courts should consider when evaluating a proposed diversity-defeating amendment. These factors are: (1) the extent to which the purpose of the amendment is defeat jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment: (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factor bearing on the equities. When a court permits an amendment of this sort, it must subsequently remand the case to state court. (*Hensgens*, 833 F.2d at 1182).

### *Analysis*

Plaintiff's motion seeks leave to amend her Complaint to add Crochet, the sole employee on duty on September 3, 2018, and Olajuwan Alexander ("Alexander"), Circle K's Regional Director of Operations, identified by Circle K as the policymaker who implemented an oral policy of removing floor mats from stores within his region beginning in 2018. (Rec. Docs. 46-9 at p. 5; 46-11 at ¶¶ X-XVII). We apply the *Hensgens* factors to Plaintiff's proposed amendment because both Crochet and Alexander are Louisiana domiciliaries and their joinder would defeat diversity jurisdiction in this case.

### *(1) The purpose of the amendment*

Plaintiff argues vigorously that she is able to state a valid claim against each proposed defendant under Louisiana negligence law and, accordingly, jurisprudence dictates that the purpose of the proposed amendment is *per se* not the avoidance of federal jurisdiction. *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 186 (5th Cir. 2018). In evaluating Plaintiff's claims against prospective defendants under this first factor, courts will ask whether the plaintiff has articulated claims that are "facially valid" or "valid as a matter of law." *Agyei v. Endurance Power Products, Inc.*, 198 F.Supp.3d 764 (S.D. Tex. 2016) quoting *Herzog v. Johns Manville Products Corp.*, No. 02-1110, 2002

WL 31556352, at 3 (E.D. La. Nov. 15, 2002), *Mallery v. Becker*, No. 13-CV-2790, 2014 WL 60327, at *2 (W.D. La. Jan. 7, 2014).

Louisiana law provides that an employer is liable for torts committed by their employees while in the course and scope of their employment. La. Civ. C. Art. 2320; *Timmons v. Silman*, 761 So.2d 507 (La. 2000). La. R.S. 9:2800.6(A) instructs that shopkeepers have a duty to "keep…aisles, passageways, and floors in a reasonably safe condition" and to make a "reasonable effort" in monitoring the premises. Louisiana law further provides for the additional imposition of individual employee negligence when: (1) the employer owes a duty of care to a third person; (2) the duty is delegated by the employer to the defendant employee; (3) the employee breached the duty through his own personal fault; and (4) the employee must have a personal duty toward the plaintiff because he knew or should have known of the risk of harm to the plaintiff cause by the non-performance or malperformance of the duty delegated to him and nevertheless failed to cure this risk of harm the plaintiff. *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994) citing *Canter v. Koehring Co.*, 283 So.2d 716 at 721 (La. 1973).

Plaintiff proposes to assert a claim against Crochet for negligence based on his alleged breach of a personal duty to Plaintiff. Plaintiff asserts that Crochet's admitted knowledge of the accumulating rainwater near the entrance gave rise to a

personal duty toward Plaintiff and that his failure to remedy the accumulating water amounted to a breach of this personal duty. (Rec. Doc. 46-1 at pp. 5-14).

This Court agrees that Circle K delegated the general duty of maintaining a safe store environment to Crochet. As is true of most store employees, Crochet was responsible for keeping the store clean and reasonably safe. (Rec. Doc. 46-1 at p. 8 citing Deposition of Crochet at 54:11-15). This Court has seen no evidence to suggest that Crochet breached this general duty through "his own fault and lack of ordinary care." *Moore v. Manns*, 732 454, 456-57 (5th Cir. 2013) citing *Canter* 283 So.2d at 721. To the contrary, the unrefuted evidence before this Court is that Crochet was the sole employee on duty on the day in question; that Crochet adhered to the Circle K policy of periodically wet and dry mopping the flooring area at issue because of his understanding of the importance of customer safety; that Crochet verbally warned arriving customers of the potential hazard created by the accumulating rainwater; and that Crochet was otherwise fulfilling his responsibilities by attending to customers at the cash register during the events at issue in this suit. (Rec. Doc. 50-3 at pp. 3-11). Under these facts, this Court finds no basis for an allegation of particularlized duty to Plaintiff, nor for a reasonable fact finder to make finding of breach in this case. Accordingly, Plaintiff fails to state a facially valid claim for breach of duty against Crochet.

Plaintiff's proposed claim against Alexander is similarly deficient. As Circle K's identified policymaker who implemented the 2018 policy removing floor mats from store entrances, Plaintiff seeks to assert a negligence claim against Alexander for breach of duty. Canter and its progeny clearly prohibit such a claim when, as here, Plaintiff shows no evidence that the policymaker was actually involved personally with Plaintiff's purported injury on the date in question. *Esco v. Smith*, 468 So.2d 1169, 1175 (La. 1985); *Canter*, 283 So2d at 721.

The uncontested evidence before this Court are that Alexander was tasked by Circle K with implementing a policy regarding the use of floor mats in stores within his region. Alexander determined that the use of floor mats, which often became warped, torn or otherwise unserviceable, created a trip hazard for guests and orally directed stores within his region to cease using mats for this reason. As an alternative, Alexander directed that stores would display "wet floor" warning signs and periodically wet and dry mop floors on rainy days to mitigate slip and fall hazards. (Rec. Doc. 50-1 at pp. 2-3, 50-3 at 35-46).

Plaintiff does not allege, nor offer evidence showing that Alexander was present on the day in question or had any personal involvement in the accident at issue in this case, such as would create a personal duty to Plaintiff. Plaintiff urges this Court to follow the ruling of the Eastern District of Louisiana in *Johnson v. Waste Management, Inc.*, No. 99-CV-2406, 1999 WL 796221 (E.D. La. Oct. 4,

1999), in which the district court found amendment proper when plaintiff alleged that two facility managers breached a duty owed to plaintiff when they knowingly failed to replace a safety cable known to prevent dangerous falls on the premises. Citing evidence that these managers were aware of prior falls on their site and neglected to replace the cable, the Johnson court found that plaintiff stated viable claims against these defendant managers so as to make amendment proper under the facts of that case. This Court finds Johnson distinguishable from the case at bar. Blanchard seeks to impose liability on Alexander based on his status as the Regional Director responsible for implementing a policy, not his direct involvement with the Circle K store on the day of her accident. Alexander's policy of using alternative methods to create a safe environment was the policy of Circle K by adoption and was implemented. Plaintiff offers no evidence that Alexander had any involvement with the day-to-day carrying out of these policies in the Youngsville store at which she was allegedly injured, such that Alexander would incur a personal duty to her. As such, the instant case differs substantively from *Johnson* and a different result is warranted.

Pursuant to *Canter*'s requirement that a claim against a policymaker of this sort be based on some personal involvement with Plaintiff's alleged injury, rather than merely his status as the policymaker, this Court finds that Plaintiff fails to state a facially valid claim for negligence against Alexander under Louisiana law.

Given our findings as to Plaintiff's proposed claims against both Crochet and Alexander, this Court concludes that the first *Hensgens* factor weighs against amendment of the Complaint in this case, as Plaintiff appears unable to assert viable claims against these potential defendants, indicating futility. *Marucci Sports, LLC v. National Collegiate Athletic Ass'n.*, 751 F3d 368 (5th Cir. 2014); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (denial of motion to amend not an abuse of discretion where amendment is futile).

### *(2) Whether the Plaintiff has been dilatory*

Plaintiff's suit was filed in state court in May of 2019 and removed to this Court in July of 2019. (Rec. Doc. 1). As is true of many suits now before this Court, in addition to any delays for which the parties may be responsible, more delays have been added as a result of precautions mandated by COVID-19 concerns. Our review of the record in this case does not provide a stark picture of dilatory conduct by Plaintiff, but Plaintiff's amendment is sought more than a year after removal. We note that, in typical cases without the intervening COVID-19 concerns, we may find that a motion to amend that comes more than one year after removal when no clear impediments to discerning the identity of the proposed new defendants is shown constitutes undue delay. Given that the parties in this case mutually engaged in what appears to be very slow and deliberate discovery, perhaps in observance of careful

COVID-19 precautions, this Court has no basis for a finding of bad faith delay on Plaintiff's part.

We note that we are concerned that Plaintiff's January motion to amend (Rec. Doc. 41) did not include the instant proposed defendants, but we reiterate that the primary issue in this case is about the existence of viable claims, not timing and any attendant prejudice or inefficiency. This factor does not weigh against amendment, although, again, we do not believe it weighs in favor of amendment because of the substantial delay in seeking amendment in this case.

### *(3) Whether the Plaintiff will be injured by the denial of amendment*

Plaintiff will suffer no injury because of the denial of this motion. Circle K admits that all employees as to whom liability may found in this suit were engaged in the course and scope of their employment at the time of their alleged actions or failures to act. This Court agrees that no allegation by Plaintiff in this suit indicates a claim for intentional tort and, thus, Circle K will responsible for any judgment obtained by Plaintiff in this suit under the doctrine of respondeat superior. Accordingly, Plaintiff is able to be granted complete relief as to any claim in this suit and suffers no prejudice by the denial of her motion to amend. *McIntosh v. Costco Wholesale Corp.*, 2019 WL 2373145 (E.D. La. June 6, 2019). Additionally, Fifth Circuit law clearly establishes that a plaintiff suffers no prejudice from the denial of amendment when the proposed claims are meritless. *Wilson v. Bruks-*

*Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010). This factor weighs against amendment.

### *(4) Other factors bearing on the equities*

Neither party cites evidence regarding equities in this matter, however, this Court finds that a fair amount of judicial resources have been expended at this point to administer this case. Both Plaintiff and Defendant have an interest in having this case timely adjudicated. The trial of this matter is now set for April 4, 2022, providing time for continued discovery, dispositive motions and pretrial preparations in an orderly fashion. (Rec. Doc. 33). The factor of judicial efficiency weighs against amendment, particularly in light of our prior finding of futility.

### *Conclusion*

Having carefully reviewed Plaintiff's motion to amend (Rec. Doc. 46), as well as all supporting and opposing briefs, and the law and evidence in this matter, it is the finding of this Court that the motion should be and is hereby DENIED based on this Court's evaluation of the factors set forth in *Hensgens* v.. *Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

SIGNED this 9th day of April, 2021 at Lafayette, Louisiana.

_____
PATRICK J. HANNA
UNITED STATES DISTRICT JUDGE