UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **SHARON L BLANCHARD** | **CASE NO.  6:19-CV-00856** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **CIRCLE K STORES INC** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

O R D E R

Now before the Court is Plaintiff's motion to quash and/or for entry of protective order.  (Rec. Doc. 54).  Plaintiff's motion is opposed by Defendant and the motion is now fully briefed and properly before the Court for decision.  For the reasons expressed below, the motion will be GRANTED.

*Relevant Facts*

This motion concerns a discovery dispute arising within the context of a slip-and-fall personal injury suit.  Plaintiff Sharon Blanchard ("Plaintiff" or "Blanchard") entered the premises of defendant Circle K Stores, Inc. ("Defendant" or "Circle K") located at 1420 Fortune Loop in Youngsville, Louisiana on September 3, 2018.  (Rec. Doc. 1-1 at ¶ II). Plaintiff alleges that, as she entered the store, she slipped on an accumulation of water on the floor.  (*Id.* at ¶ IV).  Thereafter, Plaintiff filed suit alleging injury and resulting damages from this accident, including lost wages and earning capacity.  (*Id.* at ¶ XIII).

1

Defendant served its subpoena duces tecum upon Plaintiff's bank, JP Morgan Chase, N.A. ("Chase"), seeking production of "any and all banking records in your possession in any way related to [Plaintiff]" on or about May 19, 2021. (Rec. Doc. 54-2). Plaintiff objects to Circle K's discovery of her banking records as overly broad and irrelevant. Plaintiff asserts she has voluntarily produced records from her prior employment with Lowe's, as well as IRS and Social Security information, establishing relevant information regarding her past wages and earnings. Plaintiff claims, accordingly, that Defendant's purpose in serving this subpoena upon her bank is to frustrate, embarrass and harass her. Plaintiff's motion seeks to quash Defendant's subpoena and/or for entry of a protective order regarding her banking records. (Rec. Doc. 54).

*Analysis*

Plaintiff, although not the party to whom the subpoena at issue is directed, challenges the subpoena on the basis of her "personal right or privilege" in the contents of the documents requested. Plaintiff's personal interest in the information contained in the bank records sought by Circle K creates the sort of "personal right or privilege" sufficient to confer standing under Fed. R. Civ. P. 45. *Wilemon Foundation, Inc. v. Wilemon*, 2021 WL 1640507 *3 (N.D. Miss. 2021) citing *Keybank Nat. Ass'n. v. Perkins Rowe Associates*, LLC, 2011 WL 90108 (M.D. La. 2011) (recognizing a "personal right or privilege" sufficient to confer

2

standing as to bank documents). Plaintiff therefore possesses standing to challenge the subpoena at issue in this matter. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (internal citations omitted).

Defendant argues that Plaintiff's banking records are relevant to show the veracity of Plaintiff's claims of injury during the period of time following the accident at issue. (Rec. Doc. 56). Specifically, Defendant asserts that Plaintiff's inconsistent statements regarding her ability to engage in physical activity, as well as sources of income and expenditures make banking records an important source of information regarding Plaintiff's physical and financial status following the 2018 accident. (*Id.* at pp. 3-5).

The undersigned has reviewed Defendant's subpoena to Chase and finds it to be facially overbroad in relation to the scope of Plaintiff's claims in this suit. The undersigned further finds that Defendant fails to show that the information sought via its subpoena is not subject to discovery by other means or that it is relevant to the issue of Plaintiff's lost wages dating from the 2018 accident or the extent of her claimed disability. By its own terms, Defendant's subpoena seeks discovery of "any and all banking records" that Chase may have pertaining to Plaintiff, which appears to the Court as a sweeping discovery request not pointed to any specific issue but, rather, propounded with the hope of finding something prejudicial.

Whether issued pursuant to Fed. R. Civ. P.26 or 45, relevancy remains the standard for the scope of reasonableness of subpoenas challenged before a court. *Mims v. B&J Martin, Inc.*, 2018 WL 1064411 *2 (E.D. La. 2018) citing, *inter alia,* 9A Charles A Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2552 (3d. ed). As above, the undersigned finds the subpoena challenged herein widely oversteps the bounds of relevancy set by Plaintiff's claims of injury, lost wages and lost earning capacity.

*Conclusion*

Based on this Court's finding that Defendant's subpoena duces tecum served upon Chase seeking production of Plaintiff's banking records in this case is overly broad and seeks discovery of irrelevant information, it is hereby

ORDERED that Plaintiff's motion to quash (Rec. Doc. 54) is GRANTED.

Signed this 17th day of September, 2021 at Lafayette, Louisiana.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE